McCOLLUM *v.* THRIFT.

(Division A. Jan. 13, 1930.)

[125 So. 544. No. 28090.]

S. H. Long, of Tupelo, for appellant.

**Blair & Anderson,** of Tupelo, for appellee.

Argued orally by **S. H. Long,** for appellant.

**Cook, J.,** delivered the opinion of the court.

The appellant, W. R. McCollum, filed this suit in the circuit court of Lee county against the appellee, Claud Thrift, seeking to recover damages for personal injuries alleged to have been received in a collision between appellant's motortruck and an automobile driven by the appellee, and, from a verdict and judgment in favor of the appellant for twenty dollars, this appeal was prosecuted.

As to circumstances surrounding the collision out of which this suit grew, and the causes thereof, the testi-

mony is conflicting, and it would serve no useful purpose to here set forth at length the testimony of the many witnesses for the respective parties. The collision occurred at the intersection of two public roads; one being hard-surfaced with gravel and the other with concrete. The appellant was driving a school truck upon which numerous school children were riding, and was traveling north on the graveled highway, while the appellee was traveling west on the concrete highway. Eastward from the intersection of these highways there was an incline in the concrete highway and also a slight curve. There were several dwelling houses and other buildings along the highway at and near the intersection, and also an embankment at the southeast corner of the intersection which obstructs the view from one road along the other.

The appellant testified that, as he approached the crossing, he slowed the truck down to seven or eight miles an hour, sounded the horn, and looked both east and west along the concrete highway; that he neither saw nor heard any approaching automobile, and none was then in view; that he then drove onto the crossing, and, just as the front of his truck passed off the concrete on the north side thereof, the appellee's automobile came along the concrete highway traveling westward at the rate of forty or forty-five miles an hour; and that the appellee swerved his automobile to the right and ran into the front end of his truck, damaging it and injuring the appellant.

The appellee testified that he was driving at about thirty miles an hour, when the appellant's truck suddenly came onto the crossing in front of him; that he put on his brakes and turned to the right into the graveled road in an effort to avoid the truck, but that it ran into his front left wheel. He admitted that he knew of the intersecting road, and that he did not have his automobile under control so as to readily stop it if anyone came onto the crossing from this road. The testimony showed that the sides of the truck body were covered with canvas; that the door at which the school children entered the

truck was just to the right of the driver's seat; that this door had been removed and the opening covered by a canvas curtain which slid back and forth and permitted entrance at this opening to prove that this canvas covering over the door so obstructed appellant's view eastward that he could not see an approaching automobile before or at the time he drove onto the crossing. The appellant testified that he could see eastward along the concrete highway through his windshield, and that the canvas covering over the side door was not drawn so as to entirely cover the door, and that he could not see through this opening between the canvas and the door facing.

As to the injury sustained by the appellant, the testimony was to the effect that he received a bad cut on his head just above the eye, and a smaller cut just over his ear, that his shoulder was seriously bruised, and that he suffered pain, particularly from this injury to his shoulder, for several weeks thereafter. The amount required to repair his truck, including the wrecker fee, was thirty-nine dollars and fifty-five cents.

The conflicting testimony as to the circumstances and causes of the accident was submitted to the jury under instruction of the court, and the verdict of the jury finding that appellee was guilty of negligence which proximately contributed to the injury and damage is fully supported by the evidence. The appellant contends, however, that the damages awarded are grossly inadequate to compensate him for the personal injury sustained and the damage to his truck, and that the inadequacy of the verdict was probably induced by an erroneous instruction to the jury to the effect that the appellant was guilty of gross negligence in driving the truck in question without a window through which he could see a car approaching, and that the verdict must be diminished in proportion to the appellant's negligence in the event a verdict was returned for him.

As to whether or not the curtain in question obstructed appellant's view along the concrete highway, the testi-

mony was conflicting; and upon the entire record we think the question of whether or not he was guilty of negligence which contributed to the accident and injury was one for the jury to pass upon, and that the court erred in prohibiting the jury from passing on the question of whether or not appellant was guilty of contributory negligence and peremptorily instructing them that, under the facts, he was guilty of gross negligence, and that the verdict should be diminished in proportion to such negligence.

Therefore the judgment of the court below must be reversed in so far as it fixes the amount of damages to be recovered, but in all other respects it will be affirmed, and the cause will be remanded for the assessment of damages only.

Affirmed in part, and reversed in part.